# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NADINE ADELE,                           )
                                        )
      Plaintiff-Appellant,              )
                                        )
      v.                                )    C.A. No.:  K23A-05-007 RLG
                                        )
PATRICK T. CLIFTON,                     )
RENEE M. CLIFTON, and                   )
KURT D. MAJKA,                          )
                                        )
      Defendants-Appellees.             )


## MEMORANDUM OPINION AND ORDER

**Submitted:  February 26, 2024**
**Decided:  June 10, 2024**

***Upon Appellant's Appeal from a Decision of the Court of Common Pleas***
**AFFIRMED.**


Nadine Adele, *Pro Se Appellant.*

Ronald G. Poliquin, Esquire, The Poliquin Firm, L.L.C., Dover, Delaware, *Attorney for Appellees Patrick T. Clifton and Renee M. Clifton.*

Kurt D. Majka, *Pro Se Defendant.*


**GREEN-STREETT, J.**

## I.    Introduction

Appellant Nadine Adele appeals a decision from the Court of Common Pleas dismissing her case for failure to appear at trial. That dismissal followed a lengthy litigation process, which included this Court reversing a prior dismissal and remanding the case back to the Court of Common Pleas. This time, Ms. Adele's appeal lacks merit. Accordingly, for the reasons set forth below, Ms. Adele's appeal is **DENIED**.

## II.    Factual and Procedural Background

The litigation in this case dates back to 2019, but the facts relevant to this appeal are relatively straightforward.[1] In 2019, Ms. Adele filed a replevin action against Renee M. Clifton, Patrick T. Clifton, and Kurt Majka (the "Appellees").[2] Appellant, Appellee Renee, and Appellee Kurt Majka are siblings.[3] Appellee Patrick is Appellant's brother-in-law and the husband of Appellee Renee.[4] The Court of Common Pleas initially dismissed Ms. Adele's case on September 1, 2021, citing

---

[1] For a more complete history of the litigation, see Adele v. Clifton, 2022 WL 17494808, at *1 (Del. Super. Dec. 7, 2022).

[2] Id.

[3] Id. First names have been used when necessary for clarity. The Court intends no familiarity or disrespect.

[4] Id.

2

discovery violations as the basis.[5]  This Court reversed that dismissal, and remanded Ms. Adele's case back to the Court of Common Pleas.[6]

The parties completed discovery, and Ms. Adele filed a Motion for Summary Judgment.[7]  On April 18, 2023, the Court of Common Pleas denied Ms. Adele's motion, and noted in its order "[t]he parties shall appear in-person [sic] for trial at the Kent County Courthouse on May 1, 2023, at 9:00 a.m.  Failure to appear for trial may result in the entry of judgment or dismissal."[8]  On April 19, 2023, Ms. Adele requested to convert the in-person trial to a Zoom trial.[9]  Ms. Adele explained she could not travel to Delaware because "[she was] under doctor's care due to current medical issues and [was] unable to travel long distances including to Delaware."[10]  Ms. Adele provided no additional explanation or documentation in support of her request.

On April 23, 2023, Appellees objected to Ms. Adele's request to hold the trial remotely.[11]  Appellees opposed the request "because of its lateness, lack of

---

[5] Id.

[6] Id. at *7.

[7] Appellant's Opening Br. at 14, D.I. 26 (Dec. 14, 2024).

[8] Appellant's Ex. 15, D.I. 29 (Dec. 14, 2024).

[9] Appellant's Ex. 16, D.I. 29 (Dec. 14, 2024).

[10] Id.

[11] Appellant's Ex. 17, D.I. 29 (Dec. 14, 2024).

documentation regarding the medical issues, and because defendants have already spent considerable resources to ensure [their] in person [sic] attendance at the May 1st trial."[12] On April 24, 2023, the Court of Common Pleas denied Ms. Adele's request, and confirmed the trial would go forward in person as scheduled.[13] The lower court noted, "it has been the practice of the Court to hold trials in-person [sic] unless the parties stipulate or, in the absence of a stipulation, where there is good cause and no unfair prejudice to the non-requesting party."[14] The lower court went on to find that "[Ms. Adele] provided no justification for the eleventh-hour timing of her request," and "to change the trial format at this stage would result in prejudice to Defendants."[15]

Ms. Adele received an email outlining the lower court's denial of her request on April 26, 2023.[16] On April 28, 2023 Ms. Adele filed a "Motion for Defendants Patrick T. Clifton and Renee M. Clifton to Provide Concealed Evidence to Plaintiff and Reschedule May 1, 2023 trial."[17] Within that motion, Ms. Adele cited a

---

[12] Id.

[13] Appellant's Ex. 18, D.I. 29 (Dec. 14, 2024).

[14] Id.

[15] Id.

[16] Id.

[17] Appellant's Ex. 23, D.I. 30 (Dec. 14, 2024).

4

discovery cut-off date that pre-dated this Court's order remanding the case to the Court of Common Pleas after Ms. Adele's first appeal.[18]  Ms. Adele alleged the Appellees requested, and were granted, subpoenas after the discovery deadline passed.[19]  Ms. Adele advanced no other basis for rescheduling the trial.[20]

On May 1, 2023, Appellees appeared for trial.[21]  Ms. Adele did not appear, and did not notify the lower court she would not be attending.[22]  After unsuccessful attempts to reach Ms. Adele by phone and email, the lower court took a brief recess to afford Ms. Adele more time to appear.[23]

Upon reconvening, Appellees filed a joint Motion to Dismiss, citing Ms. Adele's failure to appear for trial as the basis of their motion.[24]  The lower court found that Ms. Adele was aware of the requirement that she appear in person for the trial, and she provided no documentation to show why she could not attend in

---

[18] See Adele, 2022 WL 17494808, at *1 (Ms. Adele asserted the discovery deadline in the instant case was April 30, 2021).

[19] Appellant's Ex. 23 at 4, D.I. 30.

[20] Id.

[21] Appellee's Answering Br. at 5, D.I. 26.

[22] Id.

[23] Appellant's Ex. 1 at 4, D.I. 27 (Dec. 14, 2024).

[24] Id. at 5.

person.[25]  It further found that, even if all the parties agreed to conduct the trial remotely, the court would not have permitted a remote trial due to the volume of discovery.[26]  The lower court noted no discovery deadline had been imposed, and it could rule on any discovery issues as trial proceeded.[27]  Accordingly, the lower court granted Appellees' Motion to Dismiss because Ms. Adele failed to appear for trial.[28]

Ms. Adele filed her appeal in this Court on May 16, 2023, followed by her opening brief on December 14, 2023.[29]  Ms. Adele takes issue with two of the lower court's decisions, contending the lower court abused its discretion by: (1) refusing to allow her to attend the trial remotely; and (2) granting Appellees' Motion to Dismiss.[30]  Appellees Mr. and Ms. Clifton filed their Answering Brief on February 7, 2024.[31]  Mr. Majka did not file a response.

---

[25] Id. at 6.

[26] Id.

[27] Id. at 3-4.

[28] Id. at 7.

[29] Adele v. Clifton, K23A-05-007 RLG, D.I. 1, 26 (2023).  This Court granted Ms. Adele's request for an extension to file her opening brief, see D.I. 9 (Ms. Adele's letter requesting an extension); see also D.I. 12 (this Court's letter granting Ms. Adele an extension).

[30] Appellant's Opening Br. at 24-25, D.I. 26.

[31] Adele v. Clifton, K23A-05-007 RLG, D.I. 34 (2023).

## III. Standard of Review

When addressing an appeal from the Court of Common Pleas, this Court "sits as an intermediate Appellate Court."[32] This Court limits its review to: "(1) correcting errors of law; and (2) reviewing the factual findings of the court below to determine if they are sufficiently supported by the record and are the product of an orderly and logical deductive process."[33] If the lower court's findings of fact are the product of an orderly and logical deductive process and supported by substantial evidence found within the record, those findings are binding on the Appellate Court.[34] This Court cannot determine questions of credibility or make its own factual findings.[35] "Errors of law are reviewed *de novo*."[36]

## IV. Discussion

Under Court of Common Pleas Civil Rule 41(b), a court may grant a defendant's motion to dismiss if a plaintiff fails to prosecute her case, or if a plaintiff fails to comply with an order of that court.[37] The lower court found Ms. Adele failed

---

[32] Coverdale v. Witcher, 2022 WL 1438772, at *4 (Del. Super. May 4, 2022) (citing State v. Richards, 1998 WL 732960 at *1 (Del. Super. May 28, 1998)).

[33] Adele, 2022 WL 17494808, at *5 (citing Coverdale, 2022 WL 1438772, at *4).

[34] Coverdale, 2022 WL 1438772, at *4.

[35] Id.

[36] Id.

[37] Ct. Com. Pl. Civ. R. 41(b); see also Taplin v. Schuitemaker, 2019 WL 126981, at *9 (Del. Super. Jan. 7, 2019).

7

to appear for trial, in violation of a court order instructing her to appear in person.[38]

Ms. Adele acknowledges she failed to appear, but posits that the lower court abused its discretion by requiring her to attend in person.[39]

## A.     <u>The lower court did not abuse its discretion by denying Ms. Adele's request to conduct the trial over Zoom</u>

Delaware trial courts possess wide discretion in managing their dockets to "promote economies of time and effort for the court, litigants, and counsel."[40] That discretion encompasses a court's authority and ability to require parties to attend court in person for trials. The lower court communicated its expectation that Ms. Adele attend the trial in person in several different filings, including its Order dated April 24, 2023, denying Ms. Adele's request to conduct the trial remotely.[41]

In denying Ms. Adele's request, the lower court outlined several key findings of fact. The lower court found: (1) Ms. Adele provided no documentation supporting her request;[42] (2) conversion of the in-person trial to a remote trial would unfairly

---

[38] Appellant's Ex. 1, D.I. 27.

[39] Appellant's Opening Br. at 36, D.I. 26.

[40] <u>Unbound Partners Ltd. P'ship v. Invoy Holdings Inc.</u>, 251 A.3d 1016, 1030 (Del. Super. 2021) (internal quotations omitted) (quoting <u>Brenner v. Albrecht</u>, 2012 WL 252286, at *4 (Del. Ch. Jan. 27, 2012)).

[41] Appellant's Ex. 18 at 2-3, D.I. 29; <u>see</u> <u>also</u> *Zoom Schedule & Instructions*, https://courts.delaware.gov/commonpleas/zoom.aspx (last visited May 1, 2024) (noting that all Court of Common Pleas non-jury trials are in-person).

[42] Appellant's Ex. 18 at 2, D.I. 29.

prejudice the other parties;[43] and (3) stipulation would not have remedied Ms. Adele's attendance issue, as the lower court would have denied the request due to logistical concerns centered on the immense volume of discovery.[44] Those findings are supported by the record.

Ms. Adele does not dispute she failed to provide documentation of her medical condition in support of her request.[45] Ms. and Mr. Clifton opposed converting to a remote trial, and spent months preparing for trial under the impression it would be in person.[46] Given that Ms. Adele sought the return of 191 specific items of personal property,[47] the lower court's determination that holding the trial remotely "would have been way too cumbersome" reasonably follows from the lower court's assessment of the projected and anticipated trial evidence. As the lower court's findings are supported by the record, and follow from an orderly and logical deductive process, this Court cannot disturb those findings.[48]

---

[43] Id. at 3.

[44] Appellant's Ex. 1 at 6, D.I. 27.

[45] Appellant's Ex. 16, D.I. 29.

[46] Appellant's Ex. 17, D.I. 29; Appellant's Ex. 1 at 6, D.I. 27 (the lower court noted it explained to the parties in June of 2022 the trial would be conducted in-person).

[47] Appellant's Opening Br. at 1, D.I. 26.

[48] Coverdale, 2022 WL 1438772, at *4.

Ms. Adele asserts the lower court failed to inform her of what documentation she needed to provide to support her request to attend the trial via Zoom.[49] Ms. Adele, however, never inquired of the lower court as to what documentation she should send, the procedure for sending such documentation, or any other clarifying question after she received the lower court's denial of her motion. Instead, Ms. Adele failed to appear for trial without notifying the lower court she would not attend.[50]

The Court appreciates that, as a *pro se* litigant, Ms. Adele may not have known precisely what documentation would have sufficed to support her motion. Her failure to ask for clarification, as well as her continued failure to produce any documentation supporting her assertion that she could not travel for medical reasons, cannot be excused or dismissed based on her self-represented status. "There is no different set of rules for *pro se* plaintiffs, and the [lower] court should not sacrifice the orderly and efficient administration of justice to accommodate an unrepresented

---

[49] Appellant's Opening Br. at 36, D.I. 26 ("J. Amalfitano failed to inform Plain-Nadine-Tenant [sic] of the documentation required that was the 'practice of the court' to show 'good cause' for a Zoom trial").

[50] Ms. Adele posits that her request to attend the trial remotely served as adequate notice to the lower court that she would not be attending in person. Given the lower court's denial of Ms. Adele's request, and its subsequent notice to Ms. Adele that she needed to appear in person, the lower court's finding that Ms. Adele failed to notify the lower court that she would not be appearing finds support within the record.

plaintiff."[51] The lower court's decision to deny Ms. Adele's request to appear via Zoom is supported by the factual record below and does not constitute legal error. Accordingly, that decision must be affirmed.

**B.** **The lower court did not err by granting Appellees' Motion to Dismiss when Ms. Adele failed to appear for trial**

Having found the lower court did not err by requiring Ms. Adele to attend the trial in person, the Court next turns to the lower court's dismissal of Ms. Adele's case. Under Court of Common Pleas Civil Rule 41(b), the lower court may dismiss Ms. Adele's case for failure to comply with a court order. The lower court ordered Ms. Adele to appear for trial on May 1, 2023.[52] As Ms. Adele failed to comply with that court order, the lower court acted within its discretion by dismissing her case.[53]

Ms. Adele contends the lower court erred by granting dismissal while discovery motions were still pending.[54] The lower court, however, could have considered Ms. Adele's motions during trial. The record shows the lower court responded to several of Ms. Adele's eleventh-hour motions, and clearly instructed

---

[51] Draper v. Med. Ctr. of Delaware, 767 A.2d 796, 799 (Del. 2001).

[52] Appellant's Ex. 15 at 4, D.I. 29; Appellant's Ex. 18 at 3, D.I. 29.

[53] Ct. Com. Pl. Civ. R. 41(b); see also Ct. Com. Pl. Civ. R. 41(e) (allowing the lower court to dismiss a claim for failure to comply with a court order, "or for any other reason deemed by the Court to be appropriate[,]" *sua sponte*).

[54] Appellant's Opening Br. at 25, D.I. 26.

her to appear for trial. The lower court did not abuse its discretion by waiting to rule on the pending discovery motions until trial began. Trial never began because Ms. Adele failed to appear. Accordingly, Ms. Adele's argument centering on the pending discovery motions fails.

### C. The lower court did not otherwise abuse its discretion or violate Ms. Adele's rights

Ms. Adele also alleges the lower court displayed "a continuous pattern of abuse of discretion, violation of CCP rules, failure to make 'just determinations[,]' and prejudice to Plaint-Nadine-Tenant [sic]."[55] Ms. Adele posits the lower court "favored Defs-Cliftons-Landlords and Def-Majka-Agent [sic], while intimidating, threatening, and ruling against every legal right of Plain-Nadine-Tenant [sic]."[56] Aside from its adverse rulings, Ms. Adele does not point to any action taken by the lower court that could conceivably rise to the level of abuse of discretion.

For example, Ms. Adele took exception to the lower court's encouragement of mediation for the parties per Court of Common Pleas rule.[57] As Ms. Adele proceeded *pro se*, the lower court could not force her to attend mediation.[58] The

---

[55] Appellant's Opening Br. at 41, D.I. 26.

[56] Id. at 42.

[57] Id. at 9.

[58] See Ct. Com. Pl. Civ. R. 16(a)(7) ("The compulsory ADR provisions set forth in this Rule shall not apply to the following cases: (i) those in which any party is not represented by counsel").

lower court could, however, do exactly what was done – encourage the parties to proceed to mediation. Ms. Adele filed an objection to this encouragement for mediation and notes it as an example of what she perceived to be unfair treatment by the lower court.[59]

The lower court made another attempt to resolve this case before trial when Appellees submitted an offer letter to Ms. Adele, offering to permit Ms. Adele to pick up her property.[60] Ms. Adele objected, arguing she had no way of knowing what property she would be retrieving.[61] The lower court instructed Appellees to take pictures of the property to verify precisely what property they were offering to Ms. Adele.[62] Ms. Adele objected to this course of events, as she contends the lower court "created exhibits" for the Appellees in the form of the pictures of the offered property.[63] Ms. Adele declined to receive the property. The lower court informed her that her rejection could factor into the court's decision at trial.[64]

---

[59] Appellant's Opening Br. at 9, D.I. 26.

[60] Id. at 11-12.

[61] Id.

[62] Id. at 11.

[63] Id. at 13.

[64] Id. at 12.

These examples do not demonstrate or evidence any abuse of discretion by the lower court. They likewise do not show the lower court engaged in intimidating, threatening, or otherwise inappropriate conduct. Instead, these examples reveal the lower court attempting every effort to work with the parties to resolve this case without the need for trial or further litigation. In fact, the lower court should encourage such resolutions. Accordingly, Ms. Adele's arguments centered on the lower court's alleged inappropriate conduct are meritless.

Similarly, Ms. Adele's contention that "court rules" required the lower court to grant her previously denied Motion for Summary Judgment because Appellees did not oppose the motion finds no factual grounding.[65] Appellees did oppose Ms. Adele's motion by way of letter.[66] The lower court denied Ms. Adele's motion, finding material issues of fact persisted.[67] Even if Appellees had not opposed the motion, the lower court maintained no obligation to grant Ms. Adele's motion.[68] The lower court reiterated its denial and reason for denial after Ms. Adele moved for reargument.[69] The lower court's determination that material facts remained in

---

[65] Id. at 17-18.

[66] Appellant's Ex. 14, D.I. 28 (Dec. 14, 2024).

[67] Appellant's Ex. 15 at 2, D.I. 29.

[68] Id. at 3; see also Ct. Com. Pl. Civ. R. 56(c).

[69] Appellant's Ex. 18 at 4-5, D.I. 29 (the lower court construed Ms. Adele's "Request to Reverse Summary Judgment Denials" as a Motion for Reargument).

dispute, thus requiring the dismissal of any motions for summary judgment, follows logically from the record and does not constitute legal error. Its decision must, therefore, be affirmed.

## V.   <u>Conclusion</u>

After careful review, the Court finds the lower court did not abuse its discretion in requiring Ms. Adele's in-person appearance. Further, the Court finds the lower court did not abuse its discretion when it dismissed Ms. Adele's case after she failed to appear. Ms. Adele received several court documents notifying her of her day in court. She declined to appear, and declined to provide the lower court any documentation supporting her request to attend remotely. Despite knowing the lower court expected her to appear, she further declined to respond to the lower court's efforts to contact her on the day of trial. Finding no abuse of discretion, a factual record to support its decision making, and no legal error, the lower court's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

_____

Reneta L. Green-Streett, Judge